Daniel Loras Glynn, ISB No. 5113
Jones ♦ Gledhill ♦ Fuhrman ♦ Gourley P.A.
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone (208)331-1170
Facsimile (208)331-1529
Email: dglynn@idalaw.com

Attorney for the Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| BOISE COUNTY, a political subdivision of the State of Idaho,<br><br>Plaintiff,<br><br>vs.<br><br>GARY YARDLEY, WILLIAM REKOW, PAUL REKOW, ROBERT MCDONALD, TOM CEROVSKI, and VERLA ANN HAMES<br>Defendants. | Case No. 1:18-cv-152-BLW<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT |

Boise County (hereinafter referred to as "Boise County") submits this Memorandum In Support of Its Motion For Declaratory Judgment seeking approval of Boise County's payment to the Defendants Gary Yardley, William Rekow, Paul Rekow, Robert McDonald, Tom Cerovski, and Verla Hames for unpaid wages, along with statutory liquidated damages, in accordance with 29 U.S.C. § 216(b).

### FACTUAL BACKGROUND

All of the identified Defendants are, or during relevant times were, employees for the Boise County Solid Waste Department and the Boise County Noxious Weeds Department as

operated by Boise County. (Verified Petition, ¶ 10.) As a result of an inquiry from an employee of Boise County whose job responsibilities were similar to these Defendants, Boise County discovered that each Defendant in the course and scope of his or her job duties was required at various times and dates at the conclusion of their regularly scheduled shift to take, maintain and secure the cash box and receipt book from the Solid Waste Transfer Site in their personal possession until the next day's work shift. Boise County's audit discovered that Defendants were not compensated for the time spent traveling from the Solid Waste Transfer Site to their place of residence while in possession of the cash box and receipt book and then back to their place of work for the next work day. (Verified Petition, ¶ 11.) Upon this discovery, Boise County conducted a further audit of these activities by these Defendants and made a good faith determination as to the uncompensated time as to each Defendant. (Verified Petition, ¶ 12.) Thereupon, Boise County advised each Defendant in writing of this discovery of services each Defendant had performed for which each Defendant was not compensated by Boise County, of Boise County's calculation of those uncompensated hours, and the amount Boise County determined should be paid to each Defendant, to include an amount of liquidated damages as calculated in accordance with 29 U.S.C. § 216. (Verified Petition, ¶ 12-15.) Boise County requested that each Defendant review these hours and calculations and advise Boise County of any errors in the calculation of hours, or amounts owed. (Verified Petition, ¶ 15 & Exhibits "A - E".)

Each Defendant received Boise County's correspondence, reviewed the calculation and found no errors in the calculation of hours and wages identified by Boise County. (Affidavit of Gary Yardley, ¶ 2 & 3; Exhibit "A". Affidavit of William Rekow, ¶ 2 & 3; Exhibit "A". Affidavit of Paul Rekow, ¶ 2 & 3; Exhibit "A". Affidavit of Robert McDonald, ¶ 2 & 3; Exhibit

"A". Affidavit of Tom Cerovski, ¶ 2 & 3; Exhibit "A". Affidavit of Verla Ann Hames, ¶ 2 & 3; Exhibit "A".) As such, each Defendant has agreed and expresses no objection to Boise County's payment to each in full resolution of all claims in this regard in the amounts identified as follows:

1. Gary Yardley in the amount of $1,312.70;
2. William Rekow in the amount of $12,710.92;
3. Paul Rekow in the amount of $3,115.35;
4. Robert McDonald in the amount of $689.14;
5. Tom Cerovski in the amount of $869.88; and
6. Verla Hames in the amount of $5,982.60.

(Affidavit of Gary Yardley, ¶ 3; Affidavit of William Rekow, ¶ 3; Affidavit of Paul Rekow, ¶ 3; Affidavit of Robert McDonald, ¶ 3; Affidavit of Tom Cerovski, ¶ 3; and Affidavit of Verla Ann Hames, ¶ 3.)

## ARGUMENT

This matter is a straightforward identification of amounts owed for unpaid hours, along with liquidated damages, for that non-payment in accordance with the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended 29 U.S.C. § 201 *et seq*. However, pursuant to the 29 U.S.C. § 216(c), any resolution, settlement, or compromise of back wages and liquidated damages are only enforceable as between an employer and employee if by means of a judgment by a court of competent jurisdiction which has determined that resolution, settlement or compromise is a fair and reasonable resolution of the matter. As such, Boise County is

compelled to initiate these proceedings in order to obtain judicial approval of the resolution as fair and reasonable.

In this case, Boise County has identified all hours for which each Defendant did not receive compensation, has identified the applicable rate and, upon calculating the total of unpaid wages, calculated an equal amount to be paid as liquidated damages. As indicated above, each Defendant has reviewed the hours, wages and amounts identified and has no objection to the payment as being in full satisfaction of any claims for wages he may have with regard to this matter.

Accordingly, Boise County requests that this Court approve the payments as identified to each Defendant as a fair and reasonable resolution of this matter as required by 29 U.S.C. § 216(c).

## CONCLUSION

Based upon the foregoing, and in accordance with 29 U.S.C. § 216(c), Boise County requests that this Court grant its Motion for Declaratory Judgment, declaring that Boise County's payment to Gary Yardley in the amount of $1,312.70, William Rekow in the amount of $12,710.92, Paul Rekow in the amount of $3,115.35, Robert McDonald in the amount of $689.14, Tom Cerovski in the amount of $869.88, and Verla Hames in the amount of $5,982.60 for payment of unpaid wages, plus liquidated damages, is fair and reasonable.

DATED This 4th day of June, 2018.

JONES ♦ GLEDHILL ♦ FUHRMAN ♦ GOURLEY, P.A.

DANIEL LORAS GLYNN
Attorney for Plaintiff

MEMORANDUM IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT - 4

## CERTIFICATE OF SERVICE

I certify that on the 4 day of June, 2018, the following listed non-registered CM/ECF participants were served a copy of the foregoing document by first class mail, postage prepaid, addressed to:

| Recipient | Hand Delivered | U.S. Mail | Fax | Email/EService |
|---|:---:|:---:|:---:|:---:|
| Gary Yardley<br>P.O. Box 22<br>Garden Valley, ID 83622 | ☐ | ☒ | ☐ | ☐ |
| William Rekow<br>5 Red Fox<br>Lowman, ID 83637 | ☐ | ☒ | ☐ | ☐ |
| Paul R. Rekow<br>60 Maranatha Lane<br>Lowman, ID 83637 | ☐ | ☒ | ☐ | ☐ |
| Robert McDonald<br>48 Osprey Drive<br>Lowman, ID 83637 | ☐ | ☒ | ☐ | ☐ |
| Tom Cerovski<br>27 South Fork Road<br>Lowman, ID 83637 | ☐ | ☒ | ☐ | ☐ |
| Verla Ann Hames<br>1412 Teton Avenue<br>Caldwell, Idaho 83605 | ☐ | ☒ | ☐ | ☐ |

*/s/ Daniel Loras Glynn*
DANIEL LORAS GLYNN