UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOISE COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>GARY YARDLEY, et al.,<br><br>Defendants. | Case No. 1:18-cv-00152-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Plaintiff's motion for a declaratory judgment regarding wages owed to employees under the Fair Labor Standards Act (FLSA). (Dkt. 10.) The Court finds these matters appropriate for decision without oral argument. For the reasons set forth below, the Court finds it does not have jurisdiction over the case. Therefore, the Court will deny the motion and dismiss the case.

## BACKGROUND

Defendants are, or at relevant times were, employees of Boise County's Solid Waste and Noxious Weeds Departments. *Pl's Br.* at 1-2, Dkt. 11. After receiving an inquiry from an employee, Boise County discovered that during various periods from 2014 through 2016, each named employee in the course of his or her job duties was required to take the Solid Waste Transfer Site's cash box and receipt book home at the end of certain shifts and return the items to work the next day. *Compl.* ¶ 11, Dkt. 1. An internal audit showed that these employees were not compensated for the time spent

traveling from the transfer site to their homes and back, or reimbursed for the corresponding mileage. *Id.*

After discovery was undertaken, Boise County conducted a further self-audit to determine the amount of unpaid wages and mileage reimbursement owed to the affected employees. *Id.* ¶ 12. In addition, Boise County calculated liquidated damages owed consistent with the provisions of 29 U.S.C. § 216(b).[1] *Id.* ¶ 13. In letters that were each dated February 28, 2018, Boise County notified the affected employees of its process, determinations, and calculations. *Id.* ¶ 15. The notice asked each employee to review the hours and calculations and advise Boise County of any errors by March 16, 2016.[2] *Id.*

On April 4, 2018, Boise County filed a petition for declaratory relief. *Compl.*, Dkt. 1. Boise County filed the present motion for declaratory judgment on June 4, 2018. *Mot.* Dkt. 10. Boise County asks the Court to declare the proposed payments of unpaid wages and liquidated damages are fair and reasonable settlements pursuant to the requirements of the FLSA. *Id.* at 1. In support of its request, Boise County filed signed affidavits from each of the affected employees. *See Affs*, Dkts. 16-21. The individual affidavits each state that the employee has reviewed the settlement calculations, found no errors, and has no objection to Boise County's proposed settlement. *Id.*

---

[1] The amounts owed to each employee were determined by Boise County to as follows: Gary Yardley ($1,312.70); William Rekow ($12,710.92); Paul Rekow ($3,115.35); Robert McDonald ($689.14); Thomas Cerovski ($869.88); Verla Hames ($5,982.60). Pl's Br. at 3, Dkt. 11.

[2] The letters to affected employees made no reference to their right to seek the advice of independent counsel, or pursue action on his/her own or through the Department of Labor under 29 U.S.C. 216 (b)-(c).

# LEGAL STANDARD

Subject matter jurisdiction is a "threshold matter," which a court must determine before proceeding to the merits of the case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998). A court may determine subject matter jurisdiction from the facts alleged in the complaint or, if necessary, from the actual facts in the case. *Thornhill Pub. Co. v. General Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It is appropriate for the Court to "raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

# ANALYSIS

## 1. FLSA Settlement Routes

The Fair Labor Standards Act of 1938 (FLSA) protects workers from imposition of substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). Among its provisions, the Act addresses overtime pay—generally requiring compensation of at least one and one-half times the regular rate of pay for hours worked by an employee in excess of 40 hours a week. 29 U.S.C. § 207(a)(1). If an employer violates the overtime pay requirement, the employer is liable to the affected employee in the amount of the unpaid wages, or unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

The FLSA provides two distinct routes to address violations of overtime requirements. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) ("There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees."). The first is an employee-driven process that uses the judicial system. *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007). The second is an employer-driven process with oversight provided by the Department of Labor (DOL). *Id.* Each route is detailed below.

The employee-driven route, set forth in Section 216(b), gives the employee the ability to initiate a suit against the employer to recover wages and damages. 29 U.S.C § 216(b). Alternatively, under Section 216(c), the DOL Secretary may do so on behalf of the employee. 29 U.S.C § 216(c). In either case, the court must approve any settlement that is reached. *Lynn's*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Fenn v. Hewlett-Packard Co.*, 2012 WL 6680358, at *1 (Dec. 21, 2012). This approach promotes fair and reasonable settlements, recognizing the inherent inequities in power between employee and employer. *See Lynn's*, 679 F.2d at 1354.

The employer-driven route, set forth in Section 216(c), authorizes DOL to supervise payments of unpaid overtime compensation when the payment is initiated by the employer.[3] 29 U.S.C. § 216(c). Congress included this provision to encourage employers to perform self-initiated audits and to proactively address potential FLSA

---

[3] *See, e.g.* DOL's Payroll Audit Independent Determination program, described at https://www.dol.gov/whd/paid/.

overtime compensation violations. *See Dent*, 502 F.3d at 1145. Given this aim, Section 216(c) provides that employees who accept such settlement payments waive their right to pursue an action for back-due wages and damages provided by Section 216(b). 29 U.S.C. § 216(c).

Under this dual-route statutory framework, employers cannot bring a declaratory judgment actions to seek court approval of settlements that have not been overseen by DOL, or a court ruling relieving them of liability arising under the FLSA. *See Lynn's*, 679 F.2d at 1352; *Dent*, 502 F.3d at 1143-45. Allowing settlements in the context of suits brought by employees, but not employers, protects the "letter and spirit of the FLSA" by "provid[ing] some assurance of an adversarial context." *Lynn's*, 679 F.2d at 1354. Specifically, allowing only employee-initiated suits makes it more likely that employees will be "represented by an attorney who can protect their rights under the statute," and that the resulting settlement will "reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.*

## 2. Jurisdiction Over Boise County's Claim

Under the statutory framework set forth above, the Court lacks the authority to issue a declaratory judgment for Boise County, and therefore lacks jurisdiction over this action. The FLSA, through the employee-driven option, creates a cause of action only for complaints filed by an employee or DOL *against the employer*. In this matter, however, the employer—Boise County—initiated the action *against the employees*. Thus, the only way for the District to obtain approval of its settlement with the employees is through the

employer-driven approach. However, settlements achieved through this route must be supervised and approved by DOL—not the courts. Therefore, this Court has no authority to review the settlement between the District and its employees.[4]

The Court acknowledges Boise County's attempt to proactively and independently correct the wage errors found in the self-audit. However, the FLSA does not provide for employer-initiated declaratory judgments to resolve violations of the Act's wage and overtime requirements. For the foregoing reasons, the Court shall deny Plaintiff's motion and dismiss the case.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for a Declaratory Judgment (Dkt. 10) is **DENIED**;

2. Plaintiff's case is **DISMISSED** and the Clerk is directed to close this case.

3. The Court shall issue a separate judgment pursuant to Fed. R. Civ. P. 58.

DATED: July 31, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge

---

[4] Whether an employer may bring an action for declaratory judgment to approve a FLSA settlement is an issue of first impression of this Court, and this Court has found no decisions within the Ninth Circuit addressing this particular issue. However, the conclusion the Court reaches here is in accord with the decision in *Lynn's*. There, the Eleventh Circuit affirmed the district court's decision not to approve agreements reached between an employer and employees because the agreements "[fell] into neither recognized category for settlement of FLSA claims." *Lynn's*, 679 F.2d at 1353.